UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW G. SILVA, | ) |
| Plaintiff, | ) CASE NO.   C07-1278-JCC-JPD |
| v. | ) |
| RICHARD McDERMOTT, *et al.*, | ) REPORT & RECOMMENDATION |
| Defendants. | ) |

Plaintiff, a state prisoner proceeding *pro se*, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). The complaint names as defendants the Honorable Richard McDermott, a judge on the King County Superior Court, Barbara Miner, Clerk of the King County Superior Court, and Craig Peterson, Deputy Prosecuting Attorney for King County. Plaintiff alleges that the defendants "conspired together to secret plaintiff's motions from public record." (Proposed Complaint at 3). Pursuant to 28 U.S.C. § 1915A, the Court has reviewed the complaint and IFP application, and, for the reasons stated below, the Court recommends that plaintiff's IFP application be denied and that the complaint and this action be dismissed.

First, court records reveal that plaintiff has had three cases dismissed for failure to state a claim upon which relief can be granted.[1] The Prison Litigation Reform Act provides in pertinent part that:

---

[1] The three cases are: *Silva v. State of Washington*, Case No. C98-659-WLD (W.D. Wash.), *Silva v. Bush*, Case No. C06-984-JLR (W.D. Wash.), and *Silva v. Clarke*, Case No. C05-414-MWL. (E.D. Wash.).

REPORT & RECOMMENDATION
PAGE - 1

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Thus, under this provision of law, plaintiff's IFP application is barred, notwithstanding his indigency, unless plaintiff can show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See also Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). Neither plaintiff's IFP application nor his complaint argue or show that he is under imminent danger of serious physical injury. Accordingly, his IFP application should be denied.

Second, even if plaintiff were permitted to proceed *in forma pauperis*, his complaint here could not proceed because the defendants are all protected by immunity. *See Ashelamn v. Pope*, 793 F.2d 1072., 1075 (9th Cir. 1986) (en banc) (judges shielded by absolute immunity); *Pomerantz v. County of Los Angeles*, 674 F. 2d 1288, 1291 (9th Cir. 1982) (court employees shielded by quasi-judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976) (prosecutors shielded by prosecutorial immunity). Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted.[2]

For the foregoing reasons, plaintiff's IFP application should be denied and this matter dismissed. A proposed Order reflecting this recommendation is attached.

DATED this 4th day of September, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[2] In addition, the Court notes that the publicly available docket of the King County Superior Court shows that plaintiff has filed numerous motions, letters, and declarations since September 2005. *See* Case No. 04-1-12167-8, available at "www.dw.courts.wa.gov." These filings undermine plaintiff's claim that defendants "conspired together to secret plaintiff's motions from public record."

REPORT & RECOMMENDATION
PAGE - 2